LEONARD AND FAITH THOMAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 31319-86.
United States Tax Court
T.C. Memo 1988-505; 1988 Tax Ct. Memo LEXIS 528; 56 T.C.M. (CCH) 532; T.C.M. (RIA) 88505; October 20, 1988. Leonard and Faith Thomas, pro se. Stephen R. Doroghazi, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rules 180, 181 and 182. [1]
Respondent determined a deficiency in *529 petitioners' Federal income tax for 1983 in the amount of $ 6,245.00 and an addition to tax under section 6651(a)(1) in the amount of $ 150.20. Some of the facts were stipulated and they are so found. Petitioners resided at Magnolia, New Jersey, when they filed their petition hereto. After concessions [2] the only issue remaining for determination concerns the deductibility on petitioners' return of expenditures totalling $ 12,167 made by Leonard E. Thomas (hereinafter petitioner) for travel, meals and lodging on behalf of his corporation. Respondent at trial conceded that petitioners had substantiated the amounts in question. Thus, we need only decide whether these amounts represent unreimbursed employee travel expenses of petitioners' or whether, as respondent argues, they should be considered expenditures deductible only by the corporation. Petitioners are the sole shareholders of L. E. Thomas and Associates, (hereinafter LETA) which was incorporated on June 28, 1982. Petitioner, Leonard Thomas, is the sole employee of LETA. Petitioner *530 is an engineer. During 1983, LETA had a subcontract from another small firm, ORFI Systems, to do physical audits of matching-fund grantees of the U.S. Department of Energy who were making energy conversions. The subcontract required petitioner on behalf of LETA to travel to various facilities in the states of Pennsylvania, West Virginia, Virginia and New Jersey in order to accomplish the audits. LETA's function was to audit physical installations, monitor their compatibility with the terms of the grant and attempt to ascertain whether the funds were actually spent according to the grant terms. Many of the grantees were institutions, hospitals and private schools located in remote areas. The Department of Energy did not make advance payments to the contractors and the contractors did not make advance payments to subcontractors such as LETA. Since LETA had no funds in 1983 it was necessary for petitioner to pay for his own costs of travel, meals and lodging. Close to the end of the year and well after petitioner had incurred most of the costs in question, petitioners as directors and shareholders of LETA, met and determined that LETA would not reimburse petitioner for the expenses *531 which he incurred on behalf of the corporation. Although the corporate meeting occurred in December, it was obvious to petitioners much earlier that delays in payments to LETA from ORFI would make payment by the corporation to petitioner impossible. For petitioner to be entitled to deduct the cost of the travels, meals and lodging he incurred on the LETA business, it is incumbent upon him to prove that he was required to incur such costs as an employee of LETA, not simply that LETA was financially unable to reimburse him for corporate expenses. Thus, in Noland v. Commissioner,269 F.2d 108, 111 (4th Cir. 1959), cert. denied 361 U.S. 885 (1959), affirming a Memorandum Opinion of this Court, it is said that: The business of a corporation, however, is not that of its officers, employees or stockholders. Though the individual stockholder -- executive, in his own mind, may identify his interest and business with those of the corporation, they legally are distinct, and, ordinarily, if he voluntarily pays or guarantees the corporation's obligations, his expense may not be deducted on his personal return. * * *
See also Deputy v. du Pont,308 U.S. 488, 493 (1940); *532 Leamy v. Commissioner,85 T.C. 798, 809 (1985). We considered a case similar to petitioners' situation in Harding v. Commissioner,T.C. Memo. 1970-179, where the taxpayer was president of a corporation of which he and his brother owned all the outstanding stock. During the taxable year in question, taxpayer and his brother agreed that due to the fact the corporation was having a poor year, they would bear certain expenses of the corporation without reimbursement. Taxpayer, having borne such expenses, deducted them on his personal return. These expenses were, we held, expenses of the corporation which were not borne by the taxpayer in his capacity as an employee or officer. In the case at bar it appears that the expenditures made by petitioner were for LETA and not borne in his capacity as an employee or officer. Similarly, it is clear that petitioner would have been reimbursed had there been available corporate funds. The fact that he was not reimbursed does not change the nature of the expenditures made on behalf of the corporation into ordinary and necessary expenses of petitioner. The failure to reimburse may give rise to a debt due petitioner *533 from LETA but there is nothing in the record to indicate that such debt was worthless during 1983. See King v. Commissioner,T.C. Memo. 1980-373; Ockrant v. Commissioner,T.C. Memo. 1966-60; and Worth v. Commissioner,T.C. Memo. 1961-39. The enactment of the corporate and shareholder resolution not to reimburse, made well after petitioner had incurred these expenses, in no manner serves to change the result herein. Accordingly, we hold that respondent's determination that these amounts are not deductible by petitioners is correct. To give effect to respondent's concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided. ↩
2. Respondent has conceded all other issues set forth in the deficiency notice including the addition to tax under section 6651(a)(1). ↩